PEOPLE *v.* WILSON.

1. EMBEZZLEMENT—CORPUS DELICTI—CORPORATE OFFICERS..
   Evidence that bank deposits, under the control of respondent, had partially disappeared, while the books of the association of which he was secretary did not show the fact; with evidence that certain warrants had been drawn, signed and used by respondent to replace missing funds, and not delivered to the payees, who were told that there were no funds with which to pay them, tends to show an embezzlement of the amount of such warrants.

2. SAME—DEFENSE.
   Although proof was made that sufficient funds were transferred from other accounts to meet the amount of the warrants, the fact that the moneys were used by the secretary without paying the claims. would warrant the inference of a misappropriation, if such transferred amounts were found to belong properly in the accounts from which they were drawn.

3. CONSTITUTIONAL LAW — SPECIAL ACT OF INCORPORATION —
   FRATERNAL SOCIETIES.
   The act authorizing the incorporation of the supreme lodge and
       subordinate lodges of the United Home Protectors' Fraternity
       (2 Comp. Laws, §§ 7607–7617), is constitutional in providing
       for more than one corporation, and does not create a corpora-
       tion by special act.  Const. of 1850, Art. 15, § 1.[1]

Error to St. Clair; Beach, J.  Submitted April 30,
1909.  (Docket No. 127.)  Decided July 15, 1909.

William L. Wilson was convicted of embezzlement,
and sentenced to imprisonment for not less than two and
one-half nor more than five years in the Michigan Reform-
atory at Ionia.  Affirmed.

*Joseph Walsh*, for appellant.

*Alex. Moore*, Prosecuting Attorney, for the people.

MONTGOMERY, J.  The respondent was convicted of
the crime of embezzlement of the funds of the Supreme
Lodge of the United Home Protectors' Fraternity, a cor-
poration organized under Act No. 68, Pub. Acts 1893, be-
ing sections 7607–7617, inclusive, 2 Comp. Laws.

Two contentions are made by the respondent in this
court:  The first is that there was no proof of the *corpus
delicti;* the second, that the statute under which the
United Home Protectors' Fraternity was incorporated is
unconstitutional and void, and that the respondent and
his associates were therefore copartners, and that one
partner could not be guilty of embezzling the funds be-
longing to a copartnership.

The funds which respondent was charged with embez-
zling consisted of the amount of certain orders or war-
rants drawn upon the Commercial Bank, by the officers of
the association, in favor of Warner Cornell, Dr. Frederick
Lohrstorfer, Guy Kimball, A. D. McLaren, Walter
Shields, and A. J. Simms.  There were kept in the bank

[1] Const. of 1908, Art. xii, § 1.

four accounts. The Home Protectors' Fraternity maturity benefit fund, the Home Protectors' general fund, the investment fund, United Home Protectors, and the United Home Protectors' Fraternity. The latter account was commonly referred to as the "Secretary's Fund Account." The withdrawals from the investment fund account could be made only by check signed by the president and secretary, and countersigned by the treasurer. Claims in favor of each of the parties above named were audited, and warrants drawn duly signed by the president and secretary and countersigned by the treasurer. These warrants were made payable to the respective parties in whose favor the accounts were audited, but the evidence showed that the respondent deposited the same in the bank with an indorsement as follows:

"For deposit, to take care of checks drawn on the United Home Protectors' Fraternity.
"W. L. WILSON,
"Supreme Secretary."

It is contended that as the record shows that on the various dates when these orders were deposited there was withdrawn from the secretary's fund, and placed in the investment fund, an amount equal to or greater than the amount of the several orders, there is no proof of embezzlement of these particular funds. We do not agree with this contention. These transfers were made from time to time covering a period from November 30, 1907, to March, 1908, and it appeared by testimony that the records of the corporation, as kept under the direction of the respondent, showed a balance of cash on hand of $17,898, while the bank records showed on that date that practically all the funds had been withdrawn from the bank; the aggregate balances being not to exceed in all $400. In addition to this, proof was made of the demand of these various holders of warrants on the respondent and of his statements from time to time that there was no money at hand to meet the demands. This testimony certainly had some tendency to show a misappropriation

of these funds, and does not rest upon the admission of the respondent alone. The funds had in fact disappeared, and they were within the control of the respondent. The fact that transfers of other funds from the secretary's account to the investment account occurred, does not necessarily meet this proof. It would be open to inference that the funds so transferred properly belonged in the investment fund, and the fact that these funds which were transferred to the secretary's fund were used up, without payment to the parties for whom the funds were intended, is some evidence of misappropriation.

It becomes unnecessary, therefore, to determine whether the respondent's admissions of the fact of misappropriation of these funds would be sufficient proof of *corpus delicti*, for we think there was enough proof of substantive facts independent of his admissions to carry the case to the jury.

As to the second question, the prosecution is predicated upon Act No. 102, Pub. Acts 1905, which provides:

" If any officer, agent, clerk or servant, of any voluntary association, limited partnership association or incorporated company, or of any city, township, incorporated town or village, school district or other public or municipal corporation, or if any clerk, agent or servant of any private persons, or of a copartnership, except apprentices and other persons, under the age of sixteen years, shall embezzle or fraudulently dispose of or convert to his own use, or shall take or secrete with intent to embezzle and convert to his own use, without consent of his employer or master, any money or other property of another, which shall have come to his possession, or shall be under his charge by virtue of such office or employment, he shall be deemed by so doing, to have committed the crime of larceny."

We do not consider this act unconstitutional. The act providing for the incorporation of this company is an act entitled,

"An act to provide for the incorporation of supreme, grand and subordinate lodges of the ' United Home Pro-

tectors' Fraternity,' a co-operative fraternal building and loan society or order."

The first section provides:

"That a supreme lodge and grand and subordinate lodges of the 'United Home Protectors' Fraternity' may be incorporated in pursuance of the provisions of this act."

The second section provides for the incorporation of members of the supreme lodge. Section 10 provides for the incorporation of subordinate lodges.

The constitutional provision which is invoked is section 1 of article 15 of the Constitution of 1850, which provides that corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes. We are not dealing with a case in which a single corporation is authorized by statute. Under this title and the provisions of sections 1 and 10, grand and subordinate lodges may incorporate. To hold that this is the creation of a corporation by special act would be equivalent to holding that fraternal societies which have a supreme head could not under any circumstances or under any authority be authorized to incorporate. This would be far-reaching in its results. Other statutes confer similar powers to incorporate upon other fraternal benefit societies, notably the Ladies of the Maccabees (2 Comp. Laws, § 8034), grand temple and subordinate temples of Rathbone Sisters (2 Comp. Laws, § 8010), and Knights of Pythias (2 Comp. Laws, § 8001). We think it is no infraction of this constitutional provision to confer upon such society the right to incorporate under a law which provides for an unlimited number of corporations, including the one corporation which is supreme, in the social relations of the society.

The respondent was properly convicted, and the conviction is affirmed.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.